IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00173-CR

 

David Lee Bradford,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 248th District Court

Harris County, Texas

Trial Court No. 973,083

 



MEMORANDUM  Opinion



 








Bradford
was charged by indictment with aggravated assault.  Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2004-05).  He pled
not guilty.  A jury found him guilty and assessed punishment at ten years’
imprisonment.  He filed a motion for new trial, asserting ineffectiveness of
counsel.  The trial court denied the motion after a hearing.  Bradford appeals
from this denial.  We will overrule his issue and affirm the judgment.

BACKGROUND

          Billy Peters, the complainant,
testified that Bradford had been Billy’s and Billy’s wife’s drug dealer for several
years.  He testified that on the night of the alleged offense he and his wife
went to visit a friend at the friend’s apartment complex.  As the two
approached the friend’s apartment, Bradford recognized Billy and called out to
him.  Billy ran, but Bradford and his friends caught up with him, tripped him,
and began to attack him.  Bradford held a gun to Billy’s head, cocked the
trigger, and then pistol-whipped Billy.  Bradford and his friends beat Billy
severely with their hands and feet.  Billy suffered fractured ribs, a punctured
lung, multiple skull fractures, a ruptured spleen, and other injuries.  Both
Billy and his wife positively identified Bradford as the man who assaulted
Billy.

          Bradford testified at trial that he
did not assault Billy and that he did not know Billy or his wife.  Bradford’s
fiancée and his fiancée’s mother testified that Bradford was at a party that
day and never left the party.  The friend that Billy and his wife went to visit
on the night of the alleged offense testified that she witnessed part of the
assault and that Bradford was not one of the men who assaulted Billy.

          Bradford argues that trial counsel was
ineffective because (1) he failed to call additional alibi witnesses and (2) he
failed to introduce taped conversations between Bradford and Billy.  To establish a claim of ineffective assistance
of counsel, the appellant must show that counsel’s assistance fell below an
objective standard of reasonableness and that counsel’s deficient performance,
if any, prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).  The review of defense
counsel’s representation is highly deferential and presumes that counsel’s
actions fell within a wide range of reasonable professional assistance.  Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  The appellant must
overcome the presumption that counsel’s actions might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991).

          At the hearing on the motion for new
trial, Bradford presented evidence that eight people who did not testify during
his trial were available to testify and would have testified that they saw him
at the party on the day that Billy was assaulted.  Trial counsel was aware of
at least some of these witnesses.  Bradford argues that it was unreasonable for
his counsel not to contact the witnesses and ascertain whether their testimony
would aid the defense.  Bradford also argues that it was unreasonable for his
counsel to call only Bradford’s fiancée and her mother to the stand, rather
than witnesses who did not have a personal relationship with him.  However, Bradford’s trial counsel testified during the hearing that he did not call all of the
witnesses to the stand because their testimony would be repetitive and would
reveal inconsistencies.  Bradford’s fiancée, her mother, and Bradford’s brother
all testified that the persons at the party were all family members, with the
exception of one of Bradford’s brother’s friends.[1] 
Under these circumstances, we
cannot say that trial counsel’s decision not to call additional alibi witnesses
cannot be considered sound trial strategy.  Stafford, 813 S.W.2d at 506.

          Bradford also argues that it was
unreasonable for his counsel to not introduce taped conversations between
Bradford and Billy.  After Bradford told his counsel that Billy had been
calling him, his counsel advised him to tape record his conversations with
Billy.  On the tape, Billy asks Bradford for money and offers to become an
uncooperative or unavailable witness in an effort to get the case dismissed.  Bradford argues that it was unreasonable for his counsel not to introduce the tapes to
impeach the credibility and motives of the complaining witness.  However, trial
counsel testified at the hearing that he chose not to introduce the tape because
it contradicted their own defense theory and because the tape contained
unfavorable statements by his client.  Part of Bradford’s defensive theory was
that he did not know Billy.  On the tape, however, the two sound as if they are
on familiar terms, with Billy calling Bradford by his nickname and Bradford
recognizing Billy by the sound of his voice.  Trial counsel was also concerned
about Bradford appearing to offer Billy money in exchange for non-prosecution. 
Thus trial counsel was faced with a decision whether to introduce evidence that
would impugn the trustworthiness of both the complaining witness and his own
client.  Under these circumstances, we cannot say that trial counsel’s decision
not to introduce the taped conversation cannot be considered sound trial
strategy.

CONCLUSION

          Having overruled the issue, we affirm
the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed June 22, 2005

Do
not publish

[CR25]









    [1]       This
friend did not testify at the hearing, but did sign an affidavit stating she
was at the party and was willing to testify.